GUADALUPE GUERRA AND EULALIA TAPIA, Petitioners and Appellees, *v.* AGUSTÍN HERNÁNDEZ MENA ET AL., Defendants and Appellants.

No. 4221. Argued May 17, 1927.—Decided July 7, 1927.

*Ángel A. Vázquez* for the appellants. *Luis S. Vahamonde* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On October 13, 1926, and pursuant to the prayer of a petition for an injunction filed together with a complaint in intervention, the district court ordered the marshal to suspend a sale of certain property which had been advertised for October 15 of that year and to abstain from selling the said property and from doing any act tending to deprive

petitioners of their ownership or possession thereof, pending a determination of the question of title.

On March 7, 1927, one of the defendants in the intervention proceeding moved that the preliminary injunction be adjudged to have expired because of the failure of petitioners to comply with ·a rule of the district court which reads as follows:

"Rule 16. · When an order allowing a preliminary injunction or restraining order, or appointing a referee, is issued in response to an ex parte motion made to the judge in chambers, such order shall expire ten days after its. issuance, unless before the expiration of said ten days the petitioner delivers to ·the opposite party a copy of the documents upon which said ex parte order was entered, together with a specific notice stating that within the time therein mentioned a petition will be made to the court or to the judge in chambers for the continuation of said order, such petition to be based on the documents thus served on the opposite party and delivered to the clerk. The opposite party shall have a reasonable time, not to exceed ten days after service, to file his objection to the motion requesting the continuation of said order."

The district judge denied· this motion upon the theory that Rule 16, adopted·in 1904, had been modified by "AN ACT to define injunctions and to prescribe when they may be issued . . . etc." approved March 8, 1906.

Sections 5 and 10 of that law, as far as pertinent, read thus:

"Sec. 5. An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits, if the complaint in the one case, or the affidavits in·the other, show satisfactorily that sufficient grounds exist therefor. A copy of the complaint or of the affidavit, upon which the injunction was granted, must, if not previously served, be served therewith. No injunction granted prior to the trial of the cause shall continue in force longer than twelve months after answer filed, . . ."

"Sec. 10. If an injunction is granted without notice to the person enjoined, he may apply, upon reasonable notice, to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the same. . ."

Both of those provisions contemplate and presuppose service of "a copy of the complaint or of the affidavit, upon which the injunction was granted, . . ." together with the writ, unless previously made, and to this extent for the purposes of this opinion it may be conceded without holding that Rule 16 has been superseded by the statute. There is no incompatibility between a rule that a preliminary injunction or restraining order shall expire within ten days when issued without notice to the opposite party, unless a motion to continue the same in force be filed and a statutory provision that in no event shall such an order continue in force for more than twelve months after the filing of an answer. Nor is there necessarily any inconsistency between such a rule and the statutory provision to the effect that in all cases wherein an injunction has been issued without notice a defendant may request the court to modify or dissolve the same. As a matter of fact section 13 of the law in force at the time of the adoption of the rule invoked by appellant is substantially identical with section 10 of the Law of 1906 as far as the point now under consideration is concerned.

In the instant case it is conceded that no notice whatever was given to the defendant Hernández Mena, either at or before the time when the writ was issued and served, or during the four months that elapsed between the date of the order and the filing of the motion which gave rise to the ruling now under consideration.

Repeals by implication are not favored and we are not prepared to say that Rule 16 had been modified or superseded to such an extent that it can not be invoked by a defendant who has never been served with a copy of the petition or papers upon which the application for a temporary restraining order was based.

The order appealed from must be reversed.